UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA   DIVISION

| | | |
|---|---|---|
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY | CIVIL ACTION 13-2157 | d |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL | |
| PRECISION LAND LEVELING, LLC, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK | |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss [**Doc. #8**], filed by defendants Precision Land Leveling, LLC and its insurer, QBE Insurance Corporation, referred to me by the district judge for Report and Recommendation. The motion is based on "abstention and/or lis pendens" due to the fact that another suit involving the same accident is pending in state court.

This suit was filed by plaintiff, The Kansas City Southern Railway Company (KCS) and its insurer, American Reliable Ins. Co., to recover damages it incurred when a road grader negligently hit its tracks, damaging them and causing a train derailment. KCS sued Precision Land Leveling, LLC, (Precision) and its insurer, QBE Insurance Corporation, DSK Ltd. (DSK), Dewey S. Kendrick III (Kendrick), and State Farm Fire & Casualty Company(State Farm). Defendants, DSK, Kendrick, and State Farm filed a third party demand against 3V Partnership, Steven D. Vinson, Steven Blake Vinson, and American Reliable Ins. Co.

Already pending in state court was a suit against KCS and Precision arising out of the same facts filed by two employees of KCS who sued under the Federal Employers' Liability Act[1] (FELA) for injuries they sustained in a train wreck caused by the damage to the tracks. The suit was amended

---

[1] 45 U.S.C. §51, et seq.

to add DSK as a defendant. KCS filed a cross claim against Precision and a third party demand against Precision's insurer, QBE, seeking indemnity or contribution for any damages plaintiffs might be awarded for their injuries. Neither DSK's insurer nor Kendrick are parties in the state court action. DSK filed a third party demand against 3V Partnership, Steven D. Vinson, Steven Blake Vinson, and American Reliable Ins. Co.

## Analysis

Whether and to what extent this court may permissibly abstain from hearing a case over which it unquestionably has jurisdiction has been the subject of extensive judicial consideration by both the Supreme Court and the Fifth Circuit. Although there are several types of abstention available to federal courts, the cases are not consistent in categorizing them. At the very least, however, federal courts have available Pullman type abstention, Burford type abstention, Younger type abstention, and Colorado River type abstention.

Abstention from the exercise of federal jurisdiction is the exception, not the rule. Sierra Club, Inc. V. Sandy Creek Energy Assc's, L.P., 627 F.3d 134 (5th C. 2010).

It is clear that Pullman type abstention is inapplicable here. Under the Pullman doctrine, a federal court should abstain from exercising its jurisdiction "when difficult questions of state law must be resolved before a substantial federal constitutional question can be decided." Id. (quoting Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)); see also Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). "By abstaining in such cases, federal courts will avoid both unnecessary adjudication of federal questions and 'needless friction with state policies ...' " Midkiff, 467 U.S. at 236, 104 S.Ct. 2321, 81 L.Ed.2d 186. In order for abstention based on Pullman to be appropriate, the case must involve: (1) a federal constitutional challenge to a state action and (2) an unclear issue of state law that, if resolved, would

make it unnecessary for us to rule on the constitutional question. Nationwide, 283 F.3d at 653.

Similarly, Burford type abstention is also inapplicable. Burford abstention is applicable where there exist state law issues involving a specialized aspect of a complicated regulatory system of local law which should be left to local bodies. See New Orleans Public Service, Inc. v. Council of City of New Orleans, 109 S. Ct. 2506 (1989).The Fifth Circuit has recognized five "Wilson"[2] factors for a court to weigh when considering whether to abstain under Burford:

1) whether the cause of action arises under federal or state    law,

2) whether the case requires inquiry into unsettled issues of    state law, or local facts,

3) the importance of the state interest involved,

4) the state's need for a coherent policy in that area, and

5) the presence of a special state forum for judicial review.

Likewise, Younger abstention is inapplicable. Younger abstention requires a federal court to abstain in a case where a state criminal proceeding is pending unless there is bad faith enforcement of the state law.

The issue, then, is whether Colorado River abstention may apply. Colorado River[3] held that, while recognizing that the pendency of an action in state court by itself is no bar to federal proceedings, that is, that abstention does not apply merely because there is a state curt suit pending, for reasons of "wise judicial administration," abstention may be appropriate. The court noted that abstention must be reserved for exceptional cases.

Colorado River abstention is appropriate only when the federal and state "suits are parallel,

---

[2]  Wilson v. Valley Electric Mem. Corp., 8 F.3d 311, 313 (5th C. 1993).

[3]  Colorado River Water Conservation Dist. V. U. S., 96 S. Ct. 1236 (1976).

having the same parties and the same issues." Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir.2006) (citation omitted). Although the Fifth Circuit has noted that it might not be necessary that the parties and issues are absolutely identical in every instance for Colorado River abstention to be appropriate, see Brown, 462 F.3d at 395 n. 7, this case is not an example of the exception to the general rule.

Here, the suits are not parallel. The parties are not sufficiently the same; the state court plaintiffs are not parties here, and DSK's insurer and Kendrick are not parties in the state court action. More compelling, however, is the fact that the issues presented in the two cases are not the same. In the state court suit, the two employees seek personal injury damages pursuant to FELA; here KCS seeks its own damages under negligence theory. Contrary to defendant/mover's argument, in the state court suit KCS has only asserted indemnity or, alternatively, contribution for any damages it may be cast in judgment to plaintiffs. Here it seeks its own damages including damages to its track and equipment. While it is obvious that some testimony will be the same in both suits, the suits are too dissimilar to require this court to abdicate its Constitutional jurisdiction. Because the parties and issues are not parallel an analysis of the six factors set forth above is not appropriate.

This court should decline movers' invitation to abstain.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss, doc. # 8, be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 15th day of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE